# United States District Court
## For The Western District of Oklahoma

Naomi Stinson,                          )
                                        )
      Plaintiff,                    )
                                        )
vs.                                     )           Case No. 07-CV-387-WFD
                                        )
Allison Maynard, et al.,                )
                                        )
      Defendants.                   )

## Order Dismissing Plaintiffs' Complaint With Prejudice

This matter comes before the Court on motions to dismiss pursuant to Fed R. Civ. P. 12(b)(1) for want of subject matter jurisdiction; Fed R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted; Fed R. Civ. P. 9(c) for failure to plead the elements of fraud with sufficient particularity; Fed R. Civ. P. 4(e) and 12 O.S. § 2004(C)(1)(c)(1) for failure to properly serve various defendants; as well as under various doctrines of absolute and qualified immunity which were filed by numerous defendants.  The Court, having considered the briefs and materials submitted in support of the motions and in opposition thereto, and being otherwise fully advised, FINDS and ORDERS as follows:

## Background

Plaintiff's complaint names 123 private parties and federal, state, and county

governmental officials, including many of Oklahoma's Article III District Court judges, various state judges, the Oklahoma Attorney General, and many of Oklahoma's Assistant Attorneys General, alleging an expansive Racketeer Influenced and Corrupt Organization Act ("RICO") cause of action.  Her complaint is apparently based on the allegation that the Honorable David L. Russell, District Judge of the United States District Court for the Western District of Oklahoma, committed mail fraud when he "uttered a false document through the United States Mail service" on several occasions. (Amd. Complaint 6.)  The other 122 defendants named in this action are alleged "to have committed criminal acts or aided and abetted criminal acts within the geographic boundaries of the Western District of Oklahoma."  (Amd. Complaint 4.)  It is utterly unclear from the complaint or any of Plaintiff Stinson's other submissions, however, what actions any single Defendant took that might have constituted a criminal act of any sort, let alone one that could be considered part of an enormous criminal conspiracy. Furthermore, many of the named defendants are entitled to absolute immunity as judges or prosecutors.  Plaintiff's complaint is dismissed accordingly.

## Standard of Review

Although the half dozen dispositive motions submitted by various defendants contain numerous potentially valid grounds on which to dismiss Plaintiff's complaint, this Court need not address them all.  Instead, it will limit its discussion of the case to Rules 12(b)(6) and 9(b), as well as the doctrines of absolute judicial and prosecutorial

immunity.

When considering a complaint in light of a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must construe all well-pleaded factual allegations in the light most favorable to the non-moving party. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court may dismiss a cause of action under Rule 12(b)(6) when it "appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Id.* (quotations and citations omitted). Judgment on the pleadings should not be granted unless the moving party has demonstrated that no question of material fact remains to be resolved and the party is entitled to judgment as a matter of law. *Park Univ. Enters. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).

In this case, Plaintiff appears *pro se*, and the Court complies with its requirement to "liberally construe the allegations of a *pro se* complaint." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). But while the Court faces additional burdens in the face of a *pro se* complaint, it is not required to adopt the role of advocate for a *pro se* plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, "conclusory allegations without supporting averments are insufficient to state a claim on which relief can be based." *Id.*

**Analysis**

**A.  Alleged RICO violations**

The Court construes Plaintiff's Complaint as an attempt to raise causes of action for RICO violations based on fraud.  The complaint alleges that the 123 defendants "are accomplices to one another for the agreed upon purpose of 'washing' [ ] counterfeit securities to make them seem real."  (Amd. Complaint 6.)  This, they allegedly accomplished through mail fraud of some undetermined and unexplained sort.

To survive a Rule 12(b)(6) motion, a civil RICO claim under 18 U.S.C. § 1962(c) must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Cayman Exploration Corp v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989).  RICO defines racketeering activity as any act that violates specified state and federal crimes, including mail fraud, wire fraud, and bank fraud.  18 U.S.C. § 1961(1); *Bancoklahoma Mortgage Co. v. Capital Title Co.*, 194 F.3d 1089, 1102 (10th Cir. 1999).  These underlying predicate racketeering actions form the basis for liability under RICO.  *Id.*

It appears to the Court that the predicate acts alleged in the complaint include at least "mail fraud," though it is unclear what factual basis underlies Plaintiff's allegation. She states only that:

> After picking a convenient target, Russell and the others will surreptitiously
> contact the target, and then knowingly utter false evidence of
> indebtedness to the target with the intent to deceive the person and extort
> money and property from them.  Documents used by Russell and his co-
> conspirators are purported . . . to be genuine but are not because they
> have been falsely made or manufactured in their entirety.

(Amd. Complaint 6.)  At no point does she explain what documents she is referring to, nor who the alleged targets of the nefarious scheme may have been, only that "only one known victim has been able to escape the *iron claw* of Russell and Russell's co-conspirators."  *Id.*  Furthermore, although Plaintiff's "Theory of the Case" includes additional allegations of such malicious acts as "using death threats," like those of mail fraud, these allegations are vague, nonsensical, and entirely conclusory.

Federal Rule 9(b) requires fraud to be pleaded with a heightened degree of specificity so as to provide clear factual notice of the alleged basis for the claim.[1]  FED. R. CIV. P. 9(b).  Rule 9(b)'s heightened pleading requirements apply in the RICO context.  *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).  Indeed, the need to plead fraud with particularity is especially crucial given the threat of treble damages and injury to reputation which attend RICO claims.  *Cayman*, 873 F.2d at 1362*.*  Actionable fraud includes "(1) a representation; (2) that is false; (3) that is material; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5() the speaker's intent it be acted on; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's right to rely on it; and (9) injury."  *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006).  While in this case Plaintiff has arguably made bald

---

[1] Specifically, Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b).

allegations on each of the nine elements of fraud, she has utterly failed to satisfy Rule 9(b)'s requirement that she state the circumstances surrounding the alleged fraud with particularity.

RICO requires a pattern of racketeering activity, consisting of two or more predicate acts.  Mail fraud may constitute one of RICO's predicate acts.  To establish mail fraud, the plaintiff must allege "(1) the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations, or promises, and (2) use of United States mails for the purpose of executing the scheme."  *Tal*, 453 F.3d at 1265.  A party alleging fraud must include the "time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  *Id.* (quotations and citations omitted).  The allegations must also allege the purpose of the fraudulent mailing and its relationship to the fraudulent scheme.  *Id.*

It is true that Plaintiff Stinson listed specific dates on which Defendant Russell allegedly committed mail fraud.  (Amd. Complaint 7.).  It is also true that she hints at the contents of the allegedly fraudulent documents: they supposedly constituted "manufactured evidence of indebtedness."  (Amd. Complaint 6.)  She also states that she was damaged by the alleged fraud insofar as she was "defrauded of property, business interests, and business opportunities of not less than one million dollars." (Amd. Complaint 9.)  But mindful as the Court is of its duty to construe *pro se*

complaints liberally, it cannot fashion a silk purse from a sow's ear.  Plaintiff's pleadings

and theory of the case simply do not contain sufficiently particularized allegations of

fraud to "give the defendant, and the trial court, clear notice of the factual basis of the

predicate acts."  *Cayman*, 873 F.2d at 1362.  Accordingly, Plaintiff's complaint must be

dismissed for failure to meet the requirements of FED. R. CIV. P. 9(b).  Because the

Court dismisses for failure to meet Rule 9(b)'s requirements, it need not determine

whether Plaintiff sufficiently alleged a pattern of racketeering activity to satisfy the

requirements of RICO, thus stating a claim upon which relief can be granted under FED.

R. CIV. P. 12(b)(6).  *See Id.*

**B.  Leave to Amend**

The Court, however, does have the discretion to allow plaintiffs to amend their

pleadings if the circumstances so warrant.  *Id.* at 1362-63.  The circumstances here do

not warrant amendment.  Plaintiff's complaint is vague, conclusory, and utterly

incomprehensible.  Her later filings do not serve to clarify.  Rather, they have only

allowed her to add additional defendants and make further spurious claims without any

factual averments to support an implication of criminal wrongdoing.  To name but one

instance of many, she alleges that Assistant Attorney General Gregory Metcalfe

committed acts of mail fraud simply by sending her a letter notifying her of his intent to

seek sanctions under FED. R. CIV. P. 11, and states that this Court has a "non-

discretionary duty" to assist in her prosecution of him.  (Pl.'s Notice to the Court

Regarding Gregory Thomas Metcalfe 1, Dkt. 55, filed May 31, 2007.)   A later filing

accuses Attorney General W.A. Drew Edmondson; Assistant Attorney General Metcalfe;

Oklahoma state court judges Ronald G. Franklin,  Mark A. Moore, Susie Pritchett; and

Kingfisher County Assistant District Attorney of the embezzlement of money from the

state of Oklahoma.

The Court believes that providing Plaintiff with opportunity to amend her defective

pleadings will not result in clarity, but will only allow her to further "abuse the judicial

process" by attempting to "prosecute an action that is frivolous [and] malicious."  *Tripati*

*v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989).  Meritless pleadings must not be

allowed to serve as a vehicle to intimidate and harass governmental officials, nor private

citizens.

### C.  Immunity

While the Court dismisses Plaintiff Stinson's suit for failure to plead fraud with

sufficient particularity under FED. R. CIV. P. 9(b), it is also aware that Plaintiff's complaint

names a number of individuals who are entitled to absolute immunity as members of the

Oklahoma state and federal judiciary, or as members of the Oklahoma Attorney

General's office.

The doctrine of absolute judicial immunity shields a judge from liability arising

from the judge's official adjudicative acts "except where a judge has acted 'in the clear

absence of all jurisdiction . . . .'" *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir.

2002)(quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006)).  "Judges are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Stump*, 435 U.S. at 356.  Prosecutors are also "absolutely immune for activities which 'are intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  Thus, absolute immunity bars suits for money damages for acts made in judicial or prosecutorial discretion.

Plaintiff's allegations against the judicial defendants are incoherent and impossible to decipher.  However, it seems clear that this suit originated as a result of an action brought by the United States of America against Plaintiff Stinson's husband, Glenn H. Stinson for tax liability owed to the Internal Revenue Service.  *See United States v. Stinson*, 386 F. Supp. 2d 1207 (W.D. Okla. 2005).  During that litigation, the Honorable David L. Russell, U.S. District Judge for the Western District of Oklahoma, appointed Douglas L. Jackson as receiver for real property owned by Glenn H. Stinson and the Plaintiff.  (Def Jackson's Motion for Summary Judgment 1-6.)  The property was subsequently sold to Robert L. Barr, who, with the help of his attorney E. Edd Pritchett, later pressed charges against Glenn H. Stinson for failure to relinquish control of the property, and eventually for stalking and other malicious behavior.  (Def Edmondson,

Moore, Pritchett, and Slabotsky Mot to Dismiss & Brf. In Support 2-7.) Temporary

restraining orders were issued by Kingfisher County district court Judge Ronald

Franklin.  Glenn Stinson apparently did not comply with the restraining orders, and

eventually Kingfisher County Assistant District Attorney Bryan Slabotsky was forced to

prosecute Stinson for felony stalking, as well as for malicious injury to property, which

resulted in his arrest pursuant to a warrant signed by Judge Mark A. Moore.  (Id.)  All of

the above-named individuals are named as defendants in the instant case.

      This Court finds that the charges filed against the various judges and prosecutors

in this case were intended as retaliation for their role in the tax-related action against

Plaintiff's husband; for the later restraining orders issued against him, or for his eventual

detention and prosecution for stalking and malicious damage to property.  It further finds

that the Plaintiff named additional Oklahoma state and Article III federal judges; at least

one Texas Article III judge; and numerous other officials in order to prevent them from

presiding or acting in any way in the matter.  Thus the allegations against the judicial

and prosecutorial defendants in this case stem from their exercise of official

responsibilities; they are consequently entitled to absolute immunity.

      More than likely, many other individuals named in this suit are also entitled to

either qualified or absolute immunity.  The Court, however, finds the pleadings so

defective on their face that it is not possible to determine what predicate acts the vast

majority of the defendants allegedly committed.  As a result, the RICO allegations made

against ALL defendants are dismissed with prejudice.

### D. Sanctions

Federal courts have the inherent authority to regulate the activities of abusive litigants by imposing narrowly tailored restrictions in certain circumstances. *Andrews*, 483 F.3d at 1077. The Court may enjoin Plaintiffs from any further filings if the following factors are satisfied: 1) the litigant's lengthy and abusive history is set forth; 2) the Court provides guidelines indicating how the litigants may file an action; and 3) the litigants receive notice and an opportunity to oppose the Court's restrictions before they are imposed. *Id.; see also Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989).

This suit is the first instance of abusive filing by Plaintiff Stinson that this Court is aware of.  Consequently, the first factor required under *Andrews*, *Tripati*, and a host of other cases involving the imposition of obstacles against repeated frivolous litigation, is not met, and this Court is prevented from imposing sanctions.  It notes, however, that a "lengthy and abusive history" of frivolous filings always begins with one case, and should Plaintiff Stinson file such an abusive and frivolous action in the future, sanctions may be appropriate.

### Conclusion

Plaintiff has failed to meet her burden of pleading fraud with particularity as required under Fed. R. Civ. P. 9(b).  She also brought suit against at least two dozen defendants entitled to absolute judicial or prosecutorial immunity.  Therefore, Plaintiff's

suit – well as her numerous motions to strike, motions for sanctions, "notices" of varous

sorts, and motions for rulings, all of which are as equally frivolous as her complaint –

are DISMISSED with prejudice.

     DATED this ___30th___ day of September, 2008.


                        _____
                        Chief United States District Judge